990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
Douglas W. FONG, District Attorney's Office, Defendant-Appellee.
 No. 91-36291.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Allen, a pro se prisoner, appeals from the district court's order dismissing his 42 U.S.C. § 1983 action for failure to state a claim. We affirm the district court.[1]
 
 
 3
 Appellant brought an action for damages and injunctive relief against a deputy district attorney for the State of Oregon, alleging violations of his constitutional right to a fair trial under the Sixth Amendment of the U.S. Constitution. The district court dismissed the action, finding the defendant to be absolutely immune from liability for damages, and abstaining from interfering in any ongoing state criminal proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971).
 
 
 4
 Appellant's complaint alleges that certain remarks made by the deputy district attorney on the record in connection with his criminal prosecution of appellant resulted in the deprivation of appellant's right to a fair trial. Appellant seeks damages of $100,000. Appellant's conclusory allegations regarding these remarks and their effects fail to state a claim for damages against a prosecutor. See Imbler v. Pachtman, 424 U.S. 409 (1976). Remarks made on the record, especially objections and arguments about bail pending trial, made in the context of an ongoing criminal prosecution fall well within the protected activity of prosecutorial function. Consequently, the district court's finding of absolute immunity was proper.
 
 
 5
 The district court's refusal, under Younger, to interfere with ongoing state criminal proceedings was proper. Appellant has adequate opportunity and means to challenge the fairness of his criminal trial in the state appellate system, and through subsequent state and federal habeas corpus proceedings if necessary.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On September 21, 1992, this appeal was remanded to the district court to determine whether the notice of appeal was presented to prison officials within 30 days from entry of the judgment. The district court, in an order dated December 15, 1992, found that the notice of appeal was timely. Consequently, this court has jurisdiction over this appeal. See Houston v. Lack, 487 U.S. 266 (1988)